# In re HEPARIN PRODUCTS LIABILITY LITIGATION.

## MDL No. 1953.

United States Judicial Panel on Multidistrict Litigation.

June 6, 2008.

Before JOHN G. HEYBURN II, Chairman, D. LOWELL JENSEN, J. FREDERICK MOTZ, ROBERT L. MILLER, JR., KATHRYN H. VRATIL, DAVID R. HANSEN, and ANTHONY J. SCIRICA, Judge of the Panel.

## TRANSFER ORDER

JOHN G. HEYBURN II, Chairman.

**Before the entire Panel:** Plaintiff in the Southern District of Florida action moves, pursuant to 28 U.S.C. § 1407, for coordinated or consolidated pretrial proceedings of this litigation. No responding party opposes centralization, but there is disagreement over the selection of a transferee forum. Movant and responding plaintiffs suggest centralization in the districts in which their actions are pending— the Southern District of Florida, the Northern District of Ohio or the District of Puerto Rico; at the Panel hearing session, movant also proffered the Northern District of California. Defendants [1] prefer selection of either the Northern District of Illinois or the District of New Jersey; also, defendants stated during oral argument before us that they do not object to centralization in the Northern District of Ohio. Plaintiffs in various potential tag-along actions either support one of these districts or suggest the Western District of Pennsylvania or the Western District of Wisconsin. The latter is the alternative choice of plaintiff in the District of Puerto Rico action included in the motion. Plain-

Puerto Rico (collectively Baxter); and Scientific Protein Laboratories, LLC.

tiffs in one potential tag-along action pending in the District of New Jersey do not advocate centralization in a specific district, but urge the Panel to select a transferee district which can undertake active management of these proceedings on a priority basis.

This litigation presently consists of three actions listed on Schedule A and pending in three districts as follows: one action each in the Southern District of Florida, the Northern District of Ohio, and the District of Puerto Rico.[2]

On the basis of the papers filed and hearing session held, we find that the actions in this litigation involve common questions of fact, and that centralization under Section 1407 in the Northern District of Ohio will serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation. All actions share factual questions relating to the manufacture and sale by Baxter of allegedly adulterated Heparin causing economic or personal injuries; this Heparin was recalled in February 2008. Centralization under Section 1407 will eliminate duplicative discovery; avoid inconsistent pretrial rulings; and conserve the resources of the parties, their counsel and the judiciary.

We are persuaded that the Northern District of Ohio is an appropriate transferee district for this litigation. Seven of the 23 known actions are pending in this district mostly before Judge James G. Carr who has the time to devote to this docket.

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. § 1407, the actions listed on Schedule A and pending outside the Northern District of Ohio are transferred to the Northern District of Ohio and, with the consent of that court, assigned to the Honorable James G. Carr for coordinated or consolidated pretrial proceedings with the action pending there and listed on Schedule A.

## SCHEDULE A

**MDL No. 1953—IN RE: HEPARIN PRODUCTS LIABILITY LITIGATION**

*Southern District of Florida*
*David D'Amico v. Baxter Healthcare Corp., et al.,* C.A. No. 9:08–80311

*Northern District of Ohio*
*Leroy Hubley, etc. v. Baxter Healthcare Corp., et al.,* C.A. No. 3:08–377

*District of Puerto Rico*
*Esther S. Rivera v. Baxter International, Inc., et al.,* C.A. No. 3:08–1368

---

**2.** The Panel has been notified that twenty other related actions have recently been filed, six actions in the Northern District of Ohio, four actions in the Northern District of Illinois, two actions each in the District of New Jersey and the District of Puerto Rico, and one action each in the Middle District of Florida, the Northern District of Georgia, the Eastern District of Louisiana, the Eastern District of Tennessee, the Eastern District of Texas and the Western District of Pennsylvania. These actions will be treated as potential tag-along actions. *See* Rules 7.4 and 7.5, R.P.J.P.M.L., 199 F.R.D. 425, 435–36 (2001).